THE STATE OF GEORGIA, *ex rel.* MALCOLM *et al., vs.*
THRASHER, ordinary.

While the superior court may compel the ordinary to declare the result of an election held under the act of 1885, to determine whether or not the sale of liquor shall be allowed, it cannot compel him to declare any particular result, nor has it the power to punish the ordinary as for a contempt because he has not declared the result of the election as desired by the relators in the application for *mandamus*. Where such a rule to punish the ordinary for contempt has been heard and discharged, the relators will not be heard to complain of this action of the court.

December 7, 1886.

Elections. *Mandamus.* Liquor. Ordinary. Attachment for Contempt. Jurisdiction. Before Judge HUTCHINS. Oconee County. At Chambers, August 30, 1886.

Malcolm and others filed their petition for a *mandamus*, alleging that an election had been held in the county of Oconee on the 20th of May, 1886, under the provisions of the local option liquor law; that the result of the election was a majority of 42 votes "against the sale;" that the ordinary had consolidated the returns; that no contest had been filed; that sixty days had elapsed, during which time the ordinary had been repeatedly requested to declare the result of the election as required by law; and that he failed and refused to do so. They prayed a *mandamus* requiring him to do so. The *mandamus nisi* was made returnable on the 28th day of July.

The ordinary set up as a defence in his answer that the face of the returns showed a majority of 42 "against the sale," though he had not consolidated the returns; that the law vested in him a discretion as to the time when he should declare the result of the election; that in the exercise of that discretion, he had determined to declare the result so that the law should take effect not earlier than September 1st and not later than January 1st, his reason for the delay being that there were four whiskey dealers in the county who would have to close up at once, while one dealer in the town of Watkinsville could continue until January 1st; that he thought it best for the county that all these dealers should be closed up at the same time, namely, on the 1st of January; and that he had been asked in conversation to declare the result, but no written demand therefor had been made. He denied the jurisdiction of the superior court to proceed by *mandamus* in such a case.

Upon this answer (there being no issue of fact), the judge ordered a peremptory *mandamus* to issue, requiring the ordinary to "forthwith proclaim the result of said election, as provided by law."

On the 17th of August, the petitioners made an application to the judge, setting forth the fact that the ordinary had failed to obey the *mandamus* absolute and praying for an attachment for contempt. This application came on to be heard on the 25th of August. The answer of the ordinary was, that since the *mandamus* absolute was decreed against him, a petition had been filed with him raising certain questions about the legality of two of the precincts at which the election was held; and that he had acted upon said petition, had thrown out the two precincts in question, had found the result of said election to be "for the sale," and had so declared.

Upon this answer, the judge dismissed the rule *nisi* and refused the attachment; to which the petitioners excepted.

The Georgia Railroad *vs.* Olds.

BARROW & THOMAS, for plaintiff in error.

B. E. THRASHER, *in propria persona*, for defendant.

BLANDFORD, Justice.

Under the act of 1885, providing for an election for or against the sale of spirituous liquors, the superior court has jurisdiction by *mandamus* to compel the ordinary to declare the result of an election held for that purpose. *Steward, ordinary, vs. Peyton*, decided at the present term. But when the *mandamus* has been granted and the ordinary declares the result of such an election, the power of the superior court ceases, and it can only get further power in such a case under the provision of the act aforesaid upon the petition of one-tenth of the voters voting in said election.

While the superior court may compel the ordinary to declare the result of such an election, it cannot compel the ordinary to declare any particular result, nor has the superior court power to punish the ordinary, as for a contempt, because he has not declared the result of the election as desired by the relators in the application for *mandamus*. And where the rule for contempt has been heard and considered by the superior court and the same discharged, the relators will not be heard to complain of this action of the court.

Judgment affirmed.